The Town of KIRBY *v.* The Town of WATERFORD.

Under the first section of the act of 1797, relating to legal settlements, it was a sufficient payment for real estate purchased of a greater value than $100, if the purchaser acquired a title to the same, and paid at least $100 towards it, provided no lien was created upon the estate for the balance of the purchase money.

Two justices ordered the removal of Mary Olive Goodhue from Kirby to Waterford, on the ground that she had a settlement in the latter town derived from Ephraim T. Goodhue, her father. On appeal from the order, the appellants pleaded that the pauper was unduly removed, because her legal settlement was not in the town of Waterford. Upon this plea issue was joined and a trial had.

The plaintiffs claimed that said Ephraim T. Goodhue acquired a settlement in Waterford, as well under the first section of the act of 1797, as under the fourth section of the act of Nov. 6, 1801. They accordingly gave in evidence an absolute deed in fee from one Adams to said Goodhue, duly executed, acknowledged and recorded in November, 1797, of one hundred acres of land in Waterford of the price of $250, and introduced evidence tending to show that he paid $100 towards said land, at or near the time of receiving said deed, and the residue within four years thereafter; — that he occupied and improved said land for several years next succeeding his purchase, and continued his residence in Waterford until more than one full year after said act of 1801 came in force. On the part of the appellants evidence was introduced tending to disprove all this, except the fact of receiving the deed by Goodhue and paying for the land as claimed by the plaintiffs.

The court charged the jury, among other things, "That the estate must have been of the value of one hundred dollars or more, and that Goodhue must have acquired the absolute title to the whole tract, and must have actually paid therefor one hundred dollars or more; but that it was not necessary he should have paid the entire purchase money, if the balance was not secured by lien upon the estate." The bill of exceptions embraced other parts of the testimony, and other decisions at the trial; but as they were omitted in the

argument before this court, it is deemed unnecessary to notice them in stating the case.

*C. Davis*, for appellants.

The only question we raise in this case is, whether the construction put upon the first clause of the first section of the act of March 3, 1797, by the county court, was correct. The language of the act is, " that every person who shall purchase a freehold estate of the value of $100, and shall have *bona fide* paid therefor, and shall actually occupy and improve the same for the term of one whole year," &c. To the main part of the instructions which the court gave to the jury, on this head, we have nothing to object. In one particular, indeed, they were more favorable to defendants than was asked for by defendants' counsel ; we mean in reference to the time of payment, which the court decided should be made before the occupation commenced ; whereas, defendants' counsel supposed that, if it were made within one year, it would be sufficient. On a close examination of the clause we are satisfied the view the court took of that matter was right. But on one point, and that a material one, we think the court erred ; viz. when it was decided that payment of only a part of the purchase money, if to the amount of $100, would satisfy the language of the act. This language seems to us plainly to require that the freehold should altogether be of the value of one hundred dollars, and that the whole estate should have been paid for, however much it may have exceeded that value. The term " paid therefor " must mean paid for the estate, and cannot, without great violence, be construed to mean payment of as much as $100 towards it.

There are substantial reasons for our view of this subject, other than a correct grammatical construction of the terms. The law intended, no matter with how much or how little reason, to confer a settlement upon the actual proprietor of real estate of not less than a certain value, who did not remain indebted for the whole or any part of the purchase money, and who should have actually improved and cultivated it for one year. The propriety of such a provision at that early day, when most of the towns in the state were new, and it was a matter of policy to invite immigration from other states, is sufficiently obvious. It could not have en-

tered into the contemplation of the framers of that act, that the purchase of a tract of land of the value of several hundred dollars, for which $100 only should be paid down, while the purchaser remained indebted for the remainder, with a mortgage thereon to secure the payment, the result of which they well knew, and experience has proved, was too often a foreclosure, and the loss of the sum paid—it never could have been in their contemplation that such a purchaser acquired a settlement thereby. If so, they would surely have used language better adapted to convey their meaning. The court seem, indeed, to have been aware that the existence of a lien for the unpaid portion of the purchase money, would present a case in which their construction of the act would defeat the manifest objects of its framers.

There is nothing in the act, however, to countenance a distinction between those cases where the balance due is charged upon the land and where it is not. It would be no more a payment in one case than in the other, provided it remained a subsisting outstanding debt. It appears, in this case, that, with the exception of about $100, paid about the time of taking the deed, the purchase money remained unpaid for about four years ; but whether secured by mortgage on this or other land, or neither, does not appear.

*Upham* and *Hibbard*, for the plaintiffs, cited 3 Stark. Ev. 1327 ; Burr. Set. C. 57 ; 2 Doug. R. 630 ; 3 T. R. 114 ; 6 do. 755 ; 2 Pick. R. 29 ; 4 Mass. 384 ; 11 do. 327 ; 13 do. 460 ; 5 Pick. R. 449 ; 19 do. 294 ; 21 do. 233 ; 2 Conn. R. 600.

The opinion of the court was delivered by

Royce, J.—The only question submitted is, whether Ephraim T. Goodhue acquired a settlement, in Waterford, under the first section of the act of A. D. 1797. The words are—" every person who shall purchase a freehold estate, of ' the value of one hundred dollars, and shall have *bona fide* ' paid therefor, and shall actually occupy and improve the ' same, for the term of one whole year, shall be deemed and ' adjudged to have obtained a legal settlement in such town ' or place."

It appears that Goodhue, on the 17th day of November, A. D. 1797, purchased, and took a deed of a lot of land in Waterford, and it is not now disputed that he actually occupied and improved the same for one full year. The question is, whether he " paid therefor " within the meaning of the statute. The price was two hundred and fifty dollars, one hundred of which was paid immediately, and the balance within four years after the purchase was made. This court concur in the opinion expressed in the charge of the judge, —that, if one hundred dollars was paid toward the land and a deed taken, and no lien upon the land created for the balance, it made a case within the statute. Upon those facts it may be truly said that Goodhue purchased and paid for land to the amount of one hundred dollars, while he acquired an unincumbered title to a much larger quantity.

There is another view of the case, which to me appears to exhibit a more literal compliance with the statute. I infer from the bill of exceptions, that the whole payment was completed whilst the act of A. D. 1797, continued to govern the case ; the question then arises, whether payment for the land was required, either to precede the year's occupancy, or to be cotemporaneous with it. It strikes me that this was not exacted by the statute. The occupancy and payment were distinct requirements of the law ; neither alone could give a settlement ; but when both had been performed (the statute remaining in operation) the settlement was gained. And if this construction should appear to require a continued residence of the person in town till his payments were completed, such would seem to have been the case in this instance. At all events it is certain that Goodhue took up no other residence in the state during that period, nor does it appear that he conveyed away the land. Hence I conclude that, allowing the statute to require full payment for the land as well as the year's occupancy, it is still satisfied by the facts of the present case. I understand, however, that the former ground is the one on which the court prefer to rest the decision.

Judgment affirmed.